Cynthia L. Alexander, Esq.
Nevada Bar No. 6718
Jennifer R. Hargis, Esq.
Nevada Bar No. 11392
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, NV  89169
Telephone:  702.784.5200
Facsimile:   702.784.5252
calexander@swlaw.com
jhargis@swlaw.com

*Attorneys for Defendant Wells Fargo Bank, N.A.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAUL SIFRE,<br><br>                    Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, C/O TRUSTEE CORPS,<br><br>                    Defendant. | CASE NO. 3:10-cv-00572-RCJ-VPC<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FRCP 12(b)** |

COMES NOW Defendant WELLS FARGO BANK, N.A. ( "Defendant" or "Wells Fargo"), erroneously named herein as Wells Fargo Bank c/o Trustee Corps, by and through its counsel, the law firm of Snell & Wilmer L.L.P., and hereby submits its Reply in Support of its Motion to Dismiss Pursuant to FRCP 12(b).

/ / /

/ / /

/ / /

12353793.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

As set forth in Wells Fargo's Motion to Dismiss Pursuant to FRCP 12(b) ("Motion"), of the purported causes of action that are discernable from Plaintiff's Complaint, all are barred by the applicable statutes of limitations. Plaintiff's Response to Wells Fargo's Motion fails to adequately address the statute of limitations, and sets forth many arguments that are wholly inapplicable to Wells Fargo's Motion. Indeed, Plaintiff's arguments appear to be addressed to a Motion that is not before the Court, and are entirely irrelevant. Therefore, Plaintiff's claims must be dismissed, as they are barred by the statutes of limitations, and Plaintiff's arguments in opposition fail.

## II.

## FACTUAL BACKGROUND

Plaintiff purchased real property in Washoe County, Nevada located at 3660 Hawking Court, Sparks, Nevada 89436, APN 526-051-12 (the "Property") on or about October 26, 2005. (Grant, Bargain, Sale Deed attached as **Exhibit 1** to the Request for Judicial Notice ("RJN")). Plaintiff financed the purchase via a promissory note secured by a First Deed of Trust in the amount of $338,316.00, dated October 14, 2005 and recorded on October 26, 2005. (First Deed of Trust, attached as **Exhibit 2** to the RJN). Plaintiff also obtained a line of credit secured by a Second Deed of Trust in the maximum amount of $25,000.00, indicating the lender was Wells Fargo, and the trustee was American Securities Company of Nevada. (See Second Deed of Trust, attached as **Exhibit 3** to the RJN).

Sometime prior to March 2010, Plaintiff stopped making payments on at least the loan secured by the First Deed of Trust, as indicated by a Notice of Default and Election to Sell under Deed of Trust recorded on March 3, 2010. (Notice of Default, attached as **Exhibit 4** to the RJN). As of the date of this Reply, no sale has occurred, and Plaintiff has remained in possession of the Property without making a payment for over a year.

12353793.1

# III.

# LEGAL ARGUMENT

### A.  Standard of Law for Motion to Dismiss

Plaintiff argues that, as a pro se plaintiff, he is not required to meet the standard for pleadings set forth by the U.S. Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). (See Plaintiff's Response, p. 21). Plaintiff does not set forth what standard he seeks this Court to apply, however. Defendant is unaware of any "different" application of the law that is applicable to pro se plaintiffs. Indeed, Plaintiff appears to ask this Court to ignore its obligation to apply the law of the land equally to all litigants.

### B.  Plaintiff Is Not Entitled to Equitable Tolling of the Statutes of Limitations

Plaintiff argues that the statute of limitations with respect to his fraud claims should be equitably tolled. Plaintiff does not argue that any of his other claims survive the expiring of the statutes of limitations due to equitable tolling, but only argues that his fraud claims should survive. Therefore, Plaintiff's theoretical claims for breach of fiduciary duty, violations of TILA and RESPA, negligence, breach of the covenant of good faith and fair dealing, and intentional infliction of emotional distress, should be dismissed because Plaintiff has not opposed Wells Fargo's argument that such claims are time-barred.

Further, Plaintiff is not entitled to benefit from the doctrine of equitable tolling with respect to his fraud claim(s). Notably, Plaintiff does not cite to any controlling case law in Nevada, nor in the Ninth Circuit, with respect to the doctrine of equitable tolling. Nevada recognizes the doctrine of equitable tolling. Copeland v. Desert Inn Hotel, 99 Nev. 823 (1983). In determining whether the doctrine should apply, the Court may consider the following factors: "the diligence of the claimant; the claimant's knowledge of the relevant facts; the claimant's reliance on authoritative statements by the [party] that misled the claimant about the nature of the claimant's rights; any deception or false assurances on the part of the [defendant] . . .; the prejudice to the [defendant] that would actually result from delay during the time that the

12353793.1

- 3 -

limitations period is tolled; and any other equitable considerations appropriate in the particular case. Id. at 826.

Plaintiff argues that he relied on unspecified representations of (unnamed) defendants, and had no notice of any wrong doing "until the improprieties of the real estate market were finally made public in the popular media." (Plaintiff's Response, p. 5). It is unclear when this happened. Plaintiff does not set forth any facts showing that he exercised any reasonable diligence to discover any alleged fraud. It is difficult to evaluate the factors relevant to application of the doctrine of equitable tolling in this case, because Plaintiff fails to specifically allege any misrepresentation or fraud with respect to Wells Fargo, and with respect to Plaintiff's loan in particular. Instead, Plaintiff purports to allege some general fraud committed by the mortgage industry generally, which, he claims, makes his own loan somehow fraudulent. Plaintiff therefore claims that he was unable to discover fraud with respect to his own mortgage until he heard about the general fraud committed by the mortgage industry as a whole in popular media. This novel theory does not call for application of the doctrine of equitable tolling.

Plaintiff does not identify any statements by Wells Fargo that misled him about the nature of his rights, nor does he identify any deception or false assurances on the part of Wells Fargo that prevented him from being able to discover the alleged fraud. Plaintiff has not identified any equitable considerations that call for application of the doctrine of equitable tolling. Therefore, there is no reason for this Court to equitably toll any of the statutes of limitations, and Plaintiff's claims must be dismissed as time-barred.

**Wells Fargo Had No Fiduciary Duty to Plaintiff**

Plaintiff argues that the lender was Plaintiff's agent because Plaintiff paid the lender monies for services. Therefore, Plaintiff claims, the lender had a fiduciary duty to Plaintiff, to act in Plaintiff's best interest. Plaintiff cites no law for this proposition, and his position is contrary to well settled law that a lender does not owe a fiduciary duty, as "an arms-length lender-borrower relationship is not fiduciary in nature, absent exceptional circumstances." Yerington Ford, Inc. v. General Motors Acceptance Corp., 359 F. Supp. 2d 1075, 1090 (D.Nev. 2004)

12353793.1

(overruled on other grounds sub. nom. Giles v. General Motors Acceptance Corp., 494 F.3d 865 (2007)).

### Plaintiff's Purported Quiet Title Claim Fails

Plaintiff argues that his quiet title claim is meritorious, but fails to explain how such claim is meritorious. Plaintiff fails to address Wells Fargo's argument that he lacks standing to bring such a claim because he failed to tender payment. However, Plaintiff lacks standing to challenge or stay the foreclosure of the Property through injunctive relief because he failed to tender payments when due and payable. Collins v. Union Fed. Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983); FPCI RE-HAB 01 v. E&G Invs., Ltd., 255 Cal. Rptr. 157 (Cal. Ct. App. 1989).

### The Remainder of Plaintiff's Arguments Fail

Wells Fargo notes that, in large part, the remainder of the arguments in Plaintiff's Response are wholly inapplicable to Wells Fargo's Motion. Plaintiff argues that his claims were made with specificity and particularity, and again repeats may of the allegations contained in his Complaint. Plaintiff also claims that he properly plead claims for quiet title, breach of the covenant of good faith and fair dealing, breach of fiduciary duty, negligence and negligence per se, fraud, "fraud by non-disclosure," violation of the Truth in Lending Act, intentional infliction of emotional distress.

///
///
///

12353793.1

- 5 -

## IV.
## CONCLUSION

Plaintiff commenced this groundless action in an attempt to avoid his contractual obligations under the note and Deed of Trust. However, all of Plaintiff's claims are barred by the applicable statutes of limitations, because they relate to the negotiation and origination of the loan at issue, which occurred in 2005. Because the Complaint fails to state any claims upon which relief can be granted against Wells Fargo, it must be dismissed.

Dated December 23, 2010.

SNELL & WILMER L.L.P.

By:   /s/ Cynthia L. Alexander
Cynthia L. Alexander, Esq.
Jennifer R. Hargis, Esq.
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, NV  89169

*Attorneys for Defendant Wells Fargo Bank, N.A.*

12353793.1

# **CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)** by the method indicated:

| | |
|---|---|
| __X__ | U. S. Mail |
| _____ | U.S. Certified Mail |
| _____ | Facsimile Transmission |
| _____ | Federal Express |
| _____ | Electronic Service via CM/ECF |

and addressed to the following:

Paul Sifre
3660 Hawking Court
Sparks, NV 89436
*Plaintiff Pro Se*

DATED December 23, 2010.

　　　　　　　　　　　　　　　　___/s/_ Gabriela Resendez_____
　　　　　　　　　　　　　　　　An employee of Snell & Wilmer L.L.P.

12353793.1

- 7 -