FILED _____   _____ RECEIVED
ENTERED _____   _____ SERVED ON
COUNSEL/PARTIES OF RECORD

DEC 2 9 2010

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAUL SIFRE, | ) |
|         Plaintiff, | ) |
| vs. | ) 3:10-cv-00572-RCJ-VPC |
| WELLS FARGO BANK, | ) ORDER |
|         Defendant. | ) |

This case arises out of the foreclosure of Plaintiff's mortgage. The Court previously entered a temporary restraining order and set a preliminary injunction hearing, but the order expired and the Court vacated the hearing when Plaintiff failed to serve Defendant with the notice of the hearing within the time ordered. Plaintiff has now served "Wells Fargo Bank C/O Trustees Corps," in Sacramento, California, and the Clerk has entered default against Defendant based on this service. The Court reset the preliminary injunction hearing and has heard oral argument. For the reasons given herein, the Court denies the motion.

I.  FACTS AND PROCEDURAL HISTORY

Plaintiff Paul Sifre owns real property located at 3660 Hawking Ct., Sparks, NV 89436. (Mot. 1:16–17, Sept. 15, 2010, ECF No. 2).[1] The gravamen of the Complaint is that Plaintiff was fraudulently induced into signing a mortgage, although most of the Complaint is a generalized grievance against the mortgage industry. Plaintiff does not allege he is not in default

---

[1] Plaintiff attaches no evidence to his motion, which is essentially a reproduction of the Complaint, to which there is also no evidence attached.

1 but rather that Defendant does not have standing to foreclose and fraudulently induced him into
2 entering into the mortgage contract. He also appears to plead claims for unjust enrichment, quiet
3 title, breach of fiduciary duty, negligence, breach of the implied covenant of good faith and fair
4 dealing, intentional infliction of emotional distress, TILA, HOEPA, and RESPA. It is not clear
5 from the Complaint whether any entity has in fact foreclosed.

## II.  LEGAL STANDARDS

The Ninth Circuit in the past set forth two separate sets of criteria for determining whether to grant preliminary injunctive relief:

> Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). The alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.

*Taylor v. Westly*, 488 F.3d 1197, 1200 (9th Cir. 2007). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.*

The Supreme Court recently reiterated, however, that a plaintiff seeking an injunction must demonstrate that irreparable harm is "likely," not just possible. *Winter v. NRDC*, 129 S. Ct. 365, 374–76 (2008) (rejecting the Ninth Circuit's alternative "sliding scale" test). The Ninth Circuit has explicitly recognized that its "possibility" test was "definitively refuted" in *Winter*, and that "[t]he proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 129 S. Ct. at 374) (reversing a district court's use of the Ninth Circuit's pre-Winter, "sliding-scale" standard and remanding for application of the proper standard).

A recent Ninth Circuit ruling relying largely on the dissenting opinion in *Winter* parsed the language of *Winter* and subsequent Ninth Circuit rulings and determined that the sliding scale test remains viable when there is a lesser showing of likelihood of success on the merits amounting to "serious questions," but not when there is a lesser showing of likelihood of irreparable harm. *See Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1052–53 (9th Cir. 2010). This case presents some difficulty in light of *Winter* and prior Ninth Circuit cases. To the extent *Cottrell*'s interpretation of *Winter* is inconsistent with *Selecky*, *Selecky* controls. *Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc) (holding that, in the absence of an intervening Supreme Court decision, only the en banc court may overrule a decision by a three-judge panel). In any case, the Supreme Court stated in *Winter* that "[a] plaintiff seeking a preliminary injunction must establish that he is *likely* to succeed on the merits, that he is *likely* to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, *and* that an injunction is in the public interest." *Winter*, 129 S. Ct. at 374 (citing *Munaf v. Geren*, 128 S. Ct. 2207, 2218–19 (2008); *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311–12 (1982)) (emphases added). The test is presented as a four-part conjunctive test, not as a four-factor balancing test, and the word "likely" modifies the success-on-the-merits prong in exactly the same way it separately modifies the irreparable-harm prong. In rejecting the sliding-scale test, the *Winter* Court specifically emphasized the fact that the word "likely" modifies the irreparable-injury prong, *see id.* at 375, and the word modifies the success-on-the-merits prong the same way, *id.* at 374. In dissent, Justice Ginsburg opined that she did not believe the Court was abandoning the rule that it was permissible to "award[ preliminary injunctive] relief based on a lower likelihood of harm when the likelihood of success is very high." *Id.* at 392 (Ginsburg, J., dissenting). But Justice Ginsburg, like the majority, did not address whether she believed relief could be granted when the chance of success was *less than* likely. A "lower likelihood" is still *some* likelihood. We are

1 left with the language of the test, which requires the chance of success on the merits to be at least
2 "likely."
3       In summary, to satisfy *Winter*, a movant must show that he is "likely" to succeed on the
4 merits. "Likely" means "having a high probability of occurring or being true."
5 Merriam–Webster Dictionary, http://www.merriam-webster.com/dictionary/likely. Black's
6 defines the "likelihood-of-success-on-the-merits test" as "[t]he rule that a litigant who seeks
7 [preliminary relief] must show a reasonable probability of success . . . ." *Black's Law Dictionary*
8 1012 (9th ed. 2009). The Court must reconcile the cases by interpreting the *Cottrell* "serious
9 questions" requirement to be in harmony with the *Winter/Selecky* "likelihood" standard, not as
10 being in competition with it. The movant must therefore show that there are serious questions as
11 to the merits of the case, such that success on the merits is likely. A claim can be weaker on the
12 merits if it raises "serious questions" and the amount of harm the injunction will prevent is very
13 great, but the chance of success on the merits cannot be weaker than "likely."

14 **III. ANALYSIS**

15       Because there is no evidence of what entity, if any, has initiated a foreclosure, it is
16 impossible to determine that Plaintiff is likely to succeed on the merits, or even whether he has
17 any chance at all beyond blind speculation. In order to make such a finding, the Court would
18 have to compare the notice of default against the deed of trust and any intervening substitutions
19 of the trustee to see whether an improper entity filed the notice of default. *See* Nev. Rev. Stat.
20 § 107.080(2)(c). As to the claims based in fraud, Plaintiff specifically disclaims that any actors
21 had the intent required to engage in fraud or conspiracy, but only that "the real culprit is the
22 system itself." (Mot. 2:42–47).[2] Most of the other claims, such as unjust enrichment, breach of

---

[2] Some of Plaintiff's criticisms of the dysfunctional system of motivations that currently pervade the mortgage industry are valid, and perhaps Congress or the State Assembly should address these issues, but unfortunately these arguments do not support a legal claim.

1  fiduciary duty, and negligence, are almost certainly unmeritorious if grounded purely in a
2  foreclosure and directed against a lender.  The only claims that appear possible—not to say
3  plausible—are the TILA, HOEPA, and RESPA claims, not all of which support rescission, and
4  none of which can be assessed without examining the loan documents.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Preliminary Injunction (ECF No. 2) is DENIED without prejudice.  Plaintiff may re-file the motion with copies of the deed of trust and notice of default.

IT IS SO ORDERED.

Dated this 29th day of December, 2010.

_____
ROBERT C. JONES
United States District Judge