FILED _____     _____ RECEIVED
ENTERED _____     _____ SERVED ON
COUNSEL/PARTIES OF RECORD

JAN 1 9 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PAUL SIFRE,                           )
                                      )
        Plaintiff,                  )
                                      )   3:10-cv-00572-RCJ-VPC
vs.                                   )
                                      )
WELLS FARGO BANK,                     )   ORDER
                                      )
        Defendant.                  )
_____)

This case arises out of the foreclosure of Plaintiff's mortgage. The Court previously entered a temporary restraining order and set a preliminary injunction hearing, but the order expired and the Court vacated the hearing when Plaintiff failed to serve Defendant with the notice of the hearing within the time ordered by the Court. Plaintiff has now served "Wells Fargo Bank C/O Trustees Corps," in Sacramento, California, and the Clerk has entered default against Defendant based on this service. The Court denied a motion for preliminary injunction, and Defendant has now moved to dismiss.

I.    **FACTS AND PROCEDURAL HISTORY**

Plaintiff Paul Sifre owns real property located at 3660 Hawking Ct., Sparks, NV 89436 (the "Property"). (Mot. 1:16–17, Sept. 15, 2010, ECF No. 2).[1] The gravamen of the Complaint is

---

[1] Plaintiff attaches no evidence to his response to the motion to dismiss concerning any foreclosure, just as he attached no evidence to his motion for preliminary injunction, which was

that Plaintiff was fraudulently induced into signing a mortgage, although most of the Complaint is a generalized grievance against the mortgage industry. Plaintiff does not allege he is not in default but rather that Defendant does not have standing to foreclose and fraudulently induced him into entering into the mortgage contract. He also appears to plead claims for unjust enrichment, quiet title, breach of fiduciary duty, negligence, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, TILA, HOEPA, and RESPA.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State*

---

essentially a reproduction of the Complaint, to which there is also no evidence attached. Plaintiff has attached only a Uniform Settlement Statement and TILA Disclosure to his response to the motion to dismiss.

*Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly v. Bell Atl. Corp.*, 550 U.S. 554, 555 (2007)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III. ANALYSIS

As to the claims based in fraud, Plaintiff specifically disclaimed in his motion for preliminary injunction that any actors had the intent required to engage in fraud or conspiracy, but only that "the real culprit is the system itself." (Mot. 2:42–47). Some of Plaintiff's criticisms of the dysfunctional system of motivations that currently pervade the mortgage industry are valid, and perhaps Congress or the State Assembly should address these issues, but unfortunately these arguments do not support a legal claim. Most of the other claims, such as unjust enrichment, breach of fiduciary duty, and negligence, are unmeritorious if grounded purely in a foreclosure and directed against a lender. The only claims that appear possible—not to say

1 plausible—are the TILA, HOEPA, and RESPA claims, not all of which support rescission, and
2 none of which can be assessed without examining the loan documents.
3     Defendant has filed a request for judicial notice. The first deed of trust ("FDOT")
4 indicates a sale on October 14, 2005. (*See* FDOT 1, 3, Oct. 14, 2005, ECF No. 11-1, at 5).
5 Plaintiff filed the present action on September 15, 2010, almost five years later. Therefore, the
6 statute of limitations has run on any action grounded in the purchase of the Property with a
7 statute of limitations of four years of less. All claims in this action are therefore time-barred
8 except the quiet title claim. (*See* Mot. Dismiss 5–8, Nov. 30, 2010, ECF No. 10 (listing the
9 relevant state and federal statutes of limitations claim-by-claim)).
10     The FDOT lists River City Group, LLC as the lender and United Title of Nevada as the
11 trustee. (*See* FDOT 1–2). The Notice of Default and Election to Sell ("NOD") filed on March 9,
12 2010 lists Trustee Corps as the foreclosing trustee. (*See* NOD 1, Mar. 5, 2010, ECF No. 11-1, at
13 38). No substitution of trustee appears in the record. The second deed of trust ("SDOT"),
14 however, lists Wells Fargo Bank as lender and American Securities Co. of Nevada as Trustee.
15 (*See* SDOT 1, Oct. 25, 2005, ECF No. 11-1, at 25). The NOD indicates that Defendant, the
16 lender (beneficiary) under the SDOT, commanded Trustee Corps to foreclose on the FDOT, (*see*
17 NOD 2), to which Defendant appears to have been a stranger. The quiet title claim is therefore
18 viable.

### CONCLUSION

20     IT IS HEREBY ORDERED that the Entry of Default (ECF No. 8) is SET ASIDE.
21     IT IS FURTHER ORDERED that the Motion to Dismiss (ECF No. 10) is GRANTED in
22 part and DENIED in part. All claims are dismissed except the claim for quiet title due to
23 statutorily defective foreclosure.
24     IT IS FURTHER ORDERED that Defendants will not sell the Property for one-hundred
25 (100) days. During this period, Plaintiff will make full, regular monthly payments under the note

1  every thirty (30) days, with the first payment due ten (10) days after the date of this order. The
2  amount of each payment will be according to the monthly payment as of the date of the NOD.
3  Failure to make monthly payments during the injunction period will result in a lifting of the
4  injunction. Plaintiff need not pay late fees or cure the entire amount of past default at this time.
5      IT IS FURTHER ORDERED that during the injunction period the parties will engage in
6  the state Foreclosure Mediation Program, if available. If not available, Defendants will conduct
7  a private mediation with Plaintiff in good faith. The beneficiary must send a representative to
8  the mediation with actual authority to modify the note, although actual modification is not
9  required. Plaintiff will provide requested information to Defendants in advance of the mediation
10  in good faith.
11      IT IS FURTHER ORDERED that Defendant remains free to file a motion for summary
12  judgment during the injunction period to show a proper chain of assignments and/or substitutions
13  before filing of the NOD.
14      IT IS SO ORDERED.

16  Dated this 19th day of January, 2011.

_____
ROBERT C. JONES
United States District Judge